SO ORDERED: April 9, 2013.



_____
**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THE RAINMAKER GROUP, INC. ) | CASE NO. 11-2678-RLM-7A |
| ) | |
| Debtor ) | |
| _____) | |
| ) | |
| THOMAS A. KRUDY, Chapter 7 ) | |
| Trustee ) | Adversary Proceeding |
| ) | No. 12-50104 |
| vs. ) | |
| ) | |
| CHASE BANK USA, N.A. ) | |
| ) | |
| Defendant ) | |
| _____) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter came before the Court for hearing on January 30, 2013 upon the motion filed by Chase Bank USA, N.A. ("Chase") to dismiss the amended complaint (the "Complaint") filed by the Plaintiff and the Chapter 7 trustee, Thomas Krudy (the

1

"Trustee") on August 3, 2012. At the conclusion of the January 30th hearing, the Court took ruling on the motion under advisement and gave the parties the option of filing post hearing briefs. The Trustee filed his brief on March 15, 2013. Chase included a memorandum of law with its motion to dismiss and therefore did not need to brief the matter further. For the reasons stated below, the Court denies Chase's motion to dismiss.

## *Background*

The factual allegations of the Trustee's Complaint are few. The Complaint alleges that the Debtor, The Rainmaker Group, Inc., ("Debtor") maintained various credit cards with Chase; that Richard Steffan, David Steffan and Tiffany Steffan "caused the Debtor to incur obligations" to Chase "which were incurred without reasonably equivalent value to the Debtor", that the Debtor incurred $43,143 owed to Chase over the course of four (4) years "for the Steffans personal expenses" and that these obligations "were incurred within 4 years of the Debtor's bankruptcy filing, were incurred while the Debtor was insolvent and were incurred without any or reasonably equivalent consideration in return". *Complaint*, ¶ 4-7.

In addition to a Trustee's power to avoid a fraudulent transfer under Bankruptcy Code Section 548, Section 544(b) preserves for a bankruptcy trustee the right to avoid a fraudulent transfer to the extent that it can be avoided under state law. The Trustee here seeks avoidance and recovery of these alleged fraudulent transfers under Indiana's version of the Uniform Fraudulent Transfer Act, Ind Code §32-18-2-1, et seq.

*Discussion*

*Rule 12(b) Motion to Dismiss*

Fed. R. Bankr. P. 7012(b) tracks Fed. R. Civ. P. 12(b). A Rule 12 (b)(6) motion tests the sufficiency of the complaint. *Second Amendment Arms v. City of Chicago*, 2012 WL 4464900 at *2 (N. D. Ill. 2012). The Court accepts all well-pled allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Christensen v. County of Boone, Illinois,* 483 F.3d 454, 457 (7th Cir. 2007); *Hardy v. U.S.* , 2012 WL 4358733 at *1 (S. D. Ind. 2012); *Posley v. Clarian Health*, 2012 WL 4101914 at *1 (S. D. Ind. 2012). A complaint may be dismissed under Rule 12(b)(6) if it fails to allege facts sufficient to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 , 127 S.Ct. 1955 (2007). Although the complaint does not need "detailed factual allegations", a plaintiff nonetheless must provide sufficient grounds for relief and "a formulaic recitation of the elements of a cause of action will not do". Id. 550 U.S. at 555, 127 S. Ct. at 1964-65. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and not to pass upon the merits of the case. *Wright v. Thompson*, 2012 WL 2401532 at *1 (S. D. Ind. 2012).

The Trustee has sued Chase under Indiana's version of the Uniform Fraudulent Transfer Act, Ind Code §32-18-2-1, et seq. ("IUFTA"). IUFTA allows for the avoidance of a fraudulent transfer under both actual fraud and constructive fraud theories. The actual fraud theory set forth in Ind. Code §32-18-2-14(1) requires that the transfer be made with the actual intent to hinder, delay or defraud creditors. The constructive fraud theories set out in §32-18-2-14(2) and §32-18-2-15 require that the transfer be made

3

without receiving a reasonably equivalent value in exchange for the transfer or obligation.

Chase contends that the Complaint fails to plead the circumstances indicating the Debtor's intent to hinder, delay or defraud creditors and therefore does not meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, applicable to bankruptcy adversary proceedings under Fed. R. Bankr. P. 7009(b). That rule states that the "circumstances constituting fraud..." must be stated "with particularity". "Pleading with particularity" involves reference to "the time, place and content" of the alleged fraudulent representations. *Pringle, III v. Garcia*, 2013 WL 594095 at *4 (N.D. Ind. 2013), quoting *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). In other words, a plaintiff must plead the "who, what, when, where and how" of the fraud. *Zimmerman v. Paulsen*, 524 F. Supp.2d 1077, 1080 (N. D. Ill. 2007); *PNC Equipment Finance, LLC v. Zilberbrand*, 2013 WL 1278602 at *2 (N. D. Ill. 2013).

Although not expressly stated in the Complaint, it is fairly obvious that the Trustee is proceeding under the constructive fraud provisions of the IUFTA. He makes no allegations that the transfers were made with an intent to hinder, delay or defraud creditors. Thus, Chase's contention that the complaint fails to specify the circumstances indicating the Debtor's intent to hinder, delay or defraud are misplaced. The receipt by the debtor of less than reasonably equivalent value while insolvent or resulting in insolvency in and of itself is the "fraud" contemplated by the "constructive fraud" provisions of the IUFTA. The Trustee's complaint alleges the bare minimum required for recovery under IUFTA's "constructive fraud" provision of Ind. Code §32-18-2-15. While not a model of specificity, the Trustee's complaint will not be dismissed

under Fed. R. Bankr. P. 7009(b).  See, *Pringle, III* at *14 (where creditor sought avoidance of fraudulent transfer under constructive fraud theory set forth in Ind Code §32-18-2-15, court noted that "[A]lthough the fraudulent transfer claims could have been drafted with more specificity (i.e., Pringle could have explained what he believes the consideration was, or why he believes it was insufficient), I'm inclined to let the claims go past the dismissal stage").

   Chase also argues that the Complaint fails to state a claim under Fed. R. Civ. P. 12(b), applicable to bankruptcy adversary proceedings under Fed. R. Bankr. P. 7012(b), because the Debtor "actually satisfied its own antecedent debt" when it paid to Chase the credit card charges. *Motion to Dismiss*, ¶12.  Chase contends that the Trustee "cannot prove a set of facts that would indicate the Debtor did not receive value in return for its payments". *Id*.  True, when Chase was paid, it applied the proceeds to the Debtor's charge account and therefore the Debtor received "value" in the sense that its account was credited for the payment it made.  However, the gist of the Complaint is not that Chase did not properly credit the account.  Rather, it is that the Debtor's principals caused the Debtor to incur corporate obligations -- which really were the principals' personal obligations --and then used the Debtor's money to pay for them.  So, when Chase credited the Debtor's account, it accepted from the Debtor payment on an obligation that should not have been paid by the Debtor in the first place.  In this sense, the "debt" or the "obligations" were the Debtor's in name only.  Fraudulent transfer statutes exist to undo the damage done by bad-acting corporate principals who use the corporate credit card to incur personal debt and use corporate funds to pay for it.  So, the issue isn't whether Chase credited the account and gave the Debtor "value".

5

The issue is who is to be held liable as a result of the principals' bad acts in using the Debtor's money to pay for their personal debts, leaving the Debtor with little or nothing to show for the $43,000-plus it paid to Chase over four (4) years.  Section 550 of the Bankruptcy Code specifies against which entities within the transfer chain the Trustee may collect.  Those potentially liable include an "initial" transferee, a  "immediate" transferee, and a "mediate transferee of such initial transferee".  Where Chase stands in this "transferee" spectrum and to what defenses, if any, it is entitled, is left for trial.  However, at this juncture, the Court finds that the Complaint states a claim under Fed. R. Civ. P. 12(b).  Chase's motion to dismiss is DENIED.

# # #

Distribution:
Paul D. Gresk, Attorney for Thomas A. Krudy, Plaintiff
Sujal M. Pandya / Kevin C. Driscoll, Attorneys for Chase Bank USA, N.A